**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Sandra Brietzke

v. Case No. 1:26-cv-13558

Allison D. Burroughs

**REPORT AND RECOMMENDATION**

Self-represented Plaintiff, Sandra Brietzke, brings this action against Defendant, Allison D. Burroughs, United States District Judge for the District of Massachusetts. Ms. Brietzke's claims arise out of another action, Brietzke v. Cross Country Mortgage, No. 25-cv-10229-JCB (D. Mass.) ("Brietzke I"), over which Judge Burroughs presided. Doc. No. 1 (Complaint). Ms. Brietzke has filed a motion to proceed in forma pauperis in this action, which remains pending, and her complaint is before the court for preliminary review under 28 U.S.C. § 1915(e)(2). For the following reasons, the district judge in this case should dismiss Ms. Brietzke's complaint (Doc. No. 1), and all her pending motions (Doc. Nos. 2, 3, 5) should be denied as moot.

Legal Standard

When a plaintiff seeks leave to proceed without prepayment of the filing fee, the court may conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). That statute

authorizes the court to dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Background

In 2025, Ms. Brietzke and Joshua Brietzke filed a case in the District of Massachusetts related to their mortgage agreement. See Brietzke I. Judge Burroughs was assigned to that case as the district judge and Magistrate Judge Jennifer Boal was assigned as the magistrate judge. Id., ECF No. 37. Judge Burroughs granted the defendants' motion to dismiss in Brietzke I, reasoning that the complaint there lacked sufficient allegations to support the claims, and entered judgment. Id., ECF Nos. 58, 59. Ms. Brietzke contends that several of her motions filed in that action were not adjudicated.

Ms. Brietzke asserts that Magistrate Judge Boal in Brietzke I was biased, and she further alleges that Judge Burroughs was aware of Magistrate Judge Boal's conflicts of interest and colluded to obscure them. Ms. Brietzke also alleges that Judge Burroughs devoted unwarranted attention to higher profile cases either due to political affiliation or other biases. Ms. Brietzke contends that the district judge and magistrate judge in Brietzke I failed to consider crucial filings and affidavits

and declined to permit the Brietzkes to conduct necessary discovery prior to dismissal.

In the Complaint here, Ms. Brietzke asserts several violations of due process, criminal statutes, and common law. See Doc. No. 1 at 8 (Claims for Relief). Ms. Brietzke seeks an order instituting criminal charges against Judge Burroughs and payment of $18,000,000 in silver dollar coins. Id. at 11-12 (Relief Requested).

## Discussion

"[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judicial immunity is overcome only for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction") (per curium). This absolute judicial immunity precludes lawsuits seeking damages against federal judges for actions taken as part of "their judicial functions." Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 108 (1st Cir. 2015).

To determine whether a judge is entitled to the protection of the judicial immunity doctrine, the court considers "whether the judge's act was one normally performed by a judge, and whether the parties were dealing with the judge in his or her

judicial capacity." Zenon, 924 F.3d at 617 (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)). Absolute judicial immunity bars Ms. Brietzke's claims because they all relate to adjudicative actions Judge Burroughs took in Brietzke I. Judicial immunity is applicable even in the most egregious circumstances of judicial error. See Stump v. Sparkman, 435 U.S. 349, 362 (1978) ("grave procedural errors" were insufficient to overcome judicial immunity); Mireles v. Waco, 502 U.S. 9, 11 (1991) (judicial immunity is "not overcome by allegations of bad faith or malice"). Ms. Brietzke's claims of conspiracy, bad faith, and malice do not overcome judicial immunity. See Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987) ("[A]n allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity."). Even if Judge Burroughs erred, she remains absolutely immune from suit. See Mireles, 502 U.S. at 13.

Ms. Brietzke's claims against Judge Burroughs arise out of Judge Burroughs' adjudication of Brietzke I. Ms. Brietzke's claims for damages are barred by absolute judicial immunity and must be dismissed on that basis, and Ms. Brietzke, as a private

citizen, lacks standing to obtain relief upon any criminal statutes she cites.[1]

Conclusion

For the foregoing reasons, the district judge should dismiss Ms. Brietzke's complaint, deny all of the pending motions (Doc. Nos. 2, 3, 5) as moot, and direct the clerk of court to enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

August 27, 2026

cc: Sandra Brietzke, pro se

[1] See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Arroyo v. Bocelli, No. 13-10204-PBS, 2013 WL 512999, at *6, 2013 U.S. Dist. LEXIS 17904, at *18 (D. Mass. Feb. 8, 2013) (there is no residual power in private citizens to enforce criminal laws when United States Attorney does not prosecute (citing cases)).